LOBRANO, Judge.
This appeal raises the issue of whether the trial court erred in refusing to make an alimony pendente lite and child support award retroactive to the date of judicial demand.
On October 1, 1986, the trial court ordered James Pellerin to pay, for the benefit of his wife, and children, the house note and all expenses and insurance on the family home, all utilities, all car expenses and insurance, all tuition and school expenses for the four minor children including special lessons, all medical expenses and insurance, and the salaries of the gardener and maid. In addition, the husband was ordered to pay $550.00 per month, per child, for their support and $1,000.00 per week for the support of his wife. The judgment is effective as of October 1, 1986, the date it was signed.
The wife perfects this appeal asserting the judgment should be retroactive to the date of her demand. She argues the trial court considered evidence outside the record to deny retroactivity, and failed to consider evidence which indicated the wife had to borrow funds from her mother pending the outcome of the rule.
La.R.S. 9:310 provides:
“A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
B. Any support of any kind provided by the judgment debtor from the date the petition for support is filed to the date the support order is issued, to or on behalf of the person for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.”
It has been held that Subsection (C) provides the trial judge with the same discretion in specifying a commencement date for alimony and child support when good cause exists as is given in determining the amount of the awards. Key v. Willard, 488 So.2d 1147 (La.App.2nd Cir.1986). The statute does not make it mandatory for the trial judge to provide reasons for finding good cause, however at the wife’s request, the trial judge gave the following reasons on October 23, 1986:
“During the pendency of these proceedings Mr. Pellerin continued to pay all of the living expenses of the wife and the minor children with the exception of groceries. In addition to paying these expenses Mr. Pellerin gave to his wife a cash amount of Thirteen Thousand Five Hundred Dollars ($13,500).
Because of the continued financial main-tainance of the family unit and surrounding financial obligations the Court found to allow retroactivity in this instance would result in an injustice to a party who voluntarily maintained his family pending a judicial determination of support.”
*1337 The wife argues that the husband’s attorney sent a letter to the trial judge after the hearing and that the contents thereof were improperly used by the judge in citing reasons for non-retroactivity of the judgment. We reject that argument for two reasons.
First, the reasons for judgment are dated October 23, 1986, whereas the letter is dated November 3, 1986. Obviously, the trial court could not have considered its contents when assigning reasons.
Second, and more importantly, a review of the record substantiates the trial judge’s reasons. The husband’s uncontroverted testimony shows that during the ten months preceding the October 1st judgment he provided the same non-cash payments (i.e. house and car notes, etc.) that were ordered in the judgment. In addition he paid the following for the benefit of his wife and children: $3,396.62 for food and beverages; $6,805.32 for entertainment; $13,136.88 in miscellaneous items and $9,182.64 for the children’s clothing. In addition, he made cash payments of $375.00 per week to the wife.
Therefore, we are satisfied that the record substantiates the conclusions of the trial judge, and that the November 3rd letter, which appears to be nothing more than a summary of the evidence, was not a determining factor in the judgment.
The wife also argues that the trial court failed to consider evidence which shows that her mother “loaned” her $25,000.00 diming this ten month period. Our review of the record shows that this question is more of a credibility call on the part of the trial judge, and we cannot say there was error on her part.
The wife’s mother testified that she gave approximately $25,000.00 to her daughter for living expenses. Under cross examination the mother explained that the cash she provided her daughter came from her business account and was for such items as a beaded dress, leather suits, thirty eight pairs of tights and similar items. Most of the checks were made payable either to “cash” with the mother’s endorsement or were made to a specific vendor for merchandise. Furthermore, on the face of many of the checks the notation “for Cindy” was written in a different colored ink leaving open the possibility that the notation was an afterthought. In addition the mother conceded that some of the checks could have been written for merchandise for her business or for other family members. There were no written instruments evidencing any obligations by the wife to her mother.
Considering the entire record we cannot say the trial judge erred in finding good cause for not making the cash portion of the support award retroactive.
AFFIRMED.